NUMBER 13-00-169-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


BENNIE J. FULLYLOVE , Appellant,


v.


THE STATE OF TEXAS , Appellee.

__________________________________________________________________


On appeal from the County Crim. Court No. 11

of Dallas County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Castillo and Kennedy (1)

Opinion by Justice Kennedy


Appellant was convicted of harassment, a class B misdemeanor. He was found guilty by a jury in County Court Number
Eleven of Dallas County. The judge of the court then assessed punishment at confinement for 120 days and a $300 fine. 
The sentence was suspended and appellant was placed on community supervision for one year. His appeal brings five
points of error, the first three of which allege error in the trial court's admitting in evidence testimony of appellant having
committed a prior unadjudicated offense against his four-year old daughter. The final two points attack the sufficiency of
the evidence. We affirm.

The court and jury heard evidence that appellant and complainant, his wife, were married but were separated. The
complainant had physical custody of their three children and appellant was ordered to pay child support. Shortly after
appellant was ordered to pay child support, the complainant began to receive "hang-up" phone calls. She also received a
phone call from a female who said that "Sky (2) belongs to me now, bitch. You are a dead bitch." She then received a
phone call from appellant, whose voice she recognized, stating that he was going to stop paying child support. In a later
call, he said that he was going to kill complainant, their children, and himself. Appellant's calls continued for five days until
the complainant reported the calls to the police. (3)

On cross-examination by the defense attorney, the complainant was asked, "Does [appellant] still love his children?" She
answered, "I don't think so." Later, on re-direct by the state, she was asked, "Why do you think the defendant doesn't love
his children?" Her answer was, "Because he choked my four-year-old daughter." The record shows that, following this
answer, the prosecutor began to ask another question and was interrupted when the defense attorney began an objection. 
This objection was interrupted by the answer to the second question in this series. The defense attorney persisted, and her
complete objection was, "Your Honor, I'll object as irrelevant, prejudicial, and probative-irrelevant." The objection was
overruled and the complainant continued to describe the choking incident. No further objection was made.

All of this is the subject of appellant's first three points of error which, together, allege error in admitting evidence of an
unadjudicated extraneous assault offense (point one); that the aforementioned evidence was irrelevant (point two); and that
the prejudicial effect of this evidence outweighed any possible probative value (point three). Appellant cites Rule 404(b) of
the Texas Rules of Evidence in support of these three points.

All three of these points of error are answered in Medina v. State, 7 S.W.3d 633 (Tex. Crim. App. 1999). Medina was a
capital murder case involving a gang-related drive-by murder in the front yard of a house where several teenagers and
children were gathered. A witness was permitted to testify to three gang-related offenses which occurred at the same home
in the months preceding the offense. The court held that the evidence was relevant to explain the context of gang rivalries
in which the offense occurred. Medina also held:

As for appellant's Rule 404 claim, error was not preserved. Appellant made only a relevancy objection at trial. Such an
objection does not preserve error concerning a Rule 404 extraneous offense claim.



Medina, 7 S.W.3d at 643.

The court also held in Medina:

Under Rule 404(b), evidence of an extraneous offense may be admitted if it is relevant as to motive, identity, intent,
opportunity, preparation, plan or absence of mistake. In the case at bar, the State's theory of the offense was that appellant
opened fire into the group gathered in front of a home in revenge for the murder of a fellow gang member. Various
witnesses testified that, at the time of the offense, the H-town Crips and La Raza were at odds. In this context, Arguenta's
testimony was most relevant as to appellant's motive and intent on the night of the offense. And, in the context of the entire
record, it cannot be said that Arguenta's testimony was more prejudicial than probative.



Medina, 7 S.W.3d at 644.



Likewise, we hold that the complainant's testimony was both relevant and probative on the question of motive and intent to
carry out his threat to kill her and the children. We also hold the evidence was not more prejudicial than probative. In
addition, we hold that the objection made at trial was not sufficient to preserve error. Medina at 643. We overrule
appellant's first three points of error.

Part of error four alleges insufficient evidence to prove guilt because the state did not prove that appellant threatened to
commit a felony offense against the complainant. Appellant argues that the state did not prove that murder is a felony
offense.

The information charges that defendant (appellant) threatened to commit "a felony, namely: murder. . . ." Nowhere in the
record is it shown that the state offered testimony or documentation that murder is a felony. However, article 21.18 of the
code of criminal procedure provides, in pertinent part: "Presumptions of law and matters of which judicial notice is taken . .
. need not be stated in an indictment." (4)

Tex. Code Crim. P. Ann. art. 21.18 (Vernon 1989). We take judicial notice that the offense of murder is a felony. 
Gonzales v. State, 723 S.W.2d 746 (Tex. Crim. App. 1987) (holding that courts of appeals may take judicial notice of
incorporation of a city).

We overrule point of error number four.

Point of error five says:

The trial judgment should be reformed to reflect no family violence finding since there was insufficient evidence that
appellant's acts satisfied the definition of family violence pursuant to § 71.004 of the Family Code.



Appellant says in his brief that in this case, the trial court made an oral finding that appellant's acts constituted "family
violence" pursuant to Tex. Code. Crim. Proc. Art. 42.013, and that the trial court also included the finding on the court's
docket sheet. Appellant states that the Code of Criminal Procedure compels a trial court to make an affirmative finding of
family violence when the court determines that an offense involves family violence as defined by the Texas Family Code. 
He cites article 42.013 of the Code of Criminal Procedure as the compelling factor. We do not agree. Article 42.013 limits
its application to the trial of offenses under Title V of the Penal Code which does not include family violence. Tex. Code
Crim. P. Ann. art. 42.013 (Vernon 2000). Harassment is codified under Title IX of the Penal Code, specifically under
Section 42.07. Tex. Penal Code. Ann. § 42.07 (Vernon Supp. 2000). The trial court was not authorized to enter any
finding as to family violence in its judgment. And, as a matter of fact, it didn't. The trial judge made an oral finding of
family violence at the conclusion of the proceedings and, also, made this finding on her docket sheet. The trial court's
judgment was a printed form which contained the words "Affirmative Finding of Family Violence, if applicable: YES/NO." 
The court did not circle either "YES" or "NO." For the reasons stated, the trial court did not err in not making the finding
as "NO" because she was not authorized to make either finding.

The point of error is couched in terms of "insufficient evidence," and the relief sought is to reform the finding. The
sufficiency of the evidence is, therefore, not relevant. We deny the relief sought and overrule point of error five. We
AFFIRM the judgment of the trial court.



NOAH KENNEDY,

Retired Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 29th day of November, 2001.

 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Appellant's nickname.

3. And, according to complainant's testimony, "the threats was still threats about death."

4. Article 21.23 of the Code applies the rule to an information also.